Harry M. Englestein et al., trading as Harry M. Englestein & Company, Plaintiffs in Error, v. William Bartholomae and Frederick Bartholomae, Defendants in Error.

Gen. No. 19,040.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. FREDERICK C. HILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Reversed and remanded. Opinion filed October 7, 1914.

Statement of the Case.

Action by Harry M. Englestein and Louis Englestein, copartners, trading as Harry M. Englestein and Company, against William Bartholomae and Frederick Bartholomae to recover real estate brokerage commissions. A trial by the court resulted in a finding in favor of defendants and judgment against plaintiffs for costs. To reverse the judgment, plaintiffs bring error.

The controverted facts showed that in May, 1912, defendants in error agreed in writing through plaintiffs in error as their brokers to sell for $12,000 their property, then being operated as a "nickel theatre," to one Stone, who contemplated associating with him in the purchase of the property, Charles Benesch and George Paul; that defendants in error then agreed to pay plaintiffs in error a commission of two and one-half per cent.; that the contract was not signed by

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Stone, because he was unable to complete satisfactory negotiations with Benesch, and was unable personally to raise the required cash payment of $5,000; that shortly thereafter plaintiffs in error informed defendants in error that they believed they could sell the property for $12,500, and in that event they should have an additional commission of $300; that plaintiffs in error were informed by Stone that Benesch was a prospective purchaser, and thereupon they interviewed Benesch and arranged a meeting between defendants in error and Benesch to negotiate for the property; that plaintiffs in error accompanied Benesch to the place of business of defendants in error and then introduced Benesch to defendants in error as a prospective purchaser; that that was the first occasion upon which Benesch had ever personally met or "talked business" with defendants in error; that on several occasions thereafter plaintiffs in error interviewed defendants in error and were informed by the latter that they were not ready to close a deal; that on July 18th following, defendants in error, without the knowledge of plaintiffs in error, sold the property to Benesch for $12,500, and refused to pay plaintiffs in error any commission on said sale.

BERNSTEIN, GROSSMAN & BERNSTEIN, for plaintiffs in error.

ALBERT H. MEADS, for defendants in error.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

### Abstract of the Decision.

1. BROKERS, § 48*—*when entitled to commissions on sale made by principal.* Where a broker has been employed by the seller to find a purchaser for his property and through his efforts the seller has been brought into communication with the purchaser, he cannot

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

be deprived of his commissions because the seller takes up and completes the negotiations himself or through another party.

2. BROKERS, § 90*—*when finding against right to commissions not sustained by the evidence.* In an action to recover commissions on a sale of real estate, a finding for defendants *held* against the weight of the evidence, it appearing that the defendants sold the property to a person with whom the plaintiffs had negotiated to sell the property and had introduced him to defendants as a prospective purchaser.